KIRK *v.* ROACH.

5-1054                                294 S. W. 2d 335

Opinion delivered October 22, 1956.

*Caldwell T. Bennett,* for appellant.

*Williamson & Williamson,* for appellee.

J. Seaborn Holt, Associate Justice. At an annual school election held March 17, 1956, appellee, (contestee), received 126 votes for school director and appellant, (contestant), received 107 votes. On March 28, 1956, appellant filed a contest alleging in his complaint that 24 votes, which he listed and described separately, cast for appellee were illegal and void and when purged appellant would have a majority of the legal votes cast and should be declared elected. Summons on the complaint was issued March 28, 1956, served April 2, 1956, and on April 9, 1956, appellee, Roach, filed a "motion to dismiss for want of jurisdiction." This motion was based upon the alleged failure of contestant, Kirk, to give notice of contest to contestee as set out in § 3-1205 Ark. Stats. 1947, which is Sec. 71, Act 34 of 1875. A hearing was had on this motion April 16, 1956, and the court sustained appellee's motion and dismissed appellant's cause of action, for failure to serve notice as set out in § 3-1205 above. This appeal followed.

For reversal appellant says: "This appeal raises but one point or one issue for decision. Querie: Is it necessary to comply with the notice provision of Sec. 3-1205 Ark. Stats. 1947, which is also Sec. 71 of Act 34 of 1875 — when Section 3 of Act 366 of 1951, expressly provides that the procedure in a school directors election contest shall follow the procedure set out in Act 34 of 1875, Section 68 (Ark. Stats. 1947, § 3-1204)?" Contestant (appellant) stoutly contends that Act 366 of 1951 provides the form and procedure for contesting elections of school district directors and that the notice set out in § 3-1205 above is not required. We hold that this contention of contestant must be sustained.

Act 366 of 1951 is short and unambiguous, it provides: "Section 1. If the election of any member of a county board of education or member of a school district board of directors be contested it shall be before the circuit court of the county wherein the contested office exists. Section 2. All actions to contest such election shall be commenced within twenty (20) days after the election at which any such person was elected. Section 3. Actions to contest election of county and dis-

trict school officers shall follow the procedure set out in Act 34 of the Arkansas Acts of 1875, Section 68 (Ark. Stats., 1947, Sec. 3-1204). Section 4. It is hereby declared that the purpose of this Act is to divest county boards of education of jurisdiction to hear and determine school election contests and to vest such jurisdiction exclusively in the circuit courts. Section 5. All laws and parts of laws in conflict herewith are hereby repealed." This act very clearly and unmistakably provides the forum for school election contests to be in the circuit court, divests county boards of education of jurisdiction, and fixes the time for filing contests "within 20 days after the election." It specifically directs that all contests of school district officers shall follow the procedure set out in Section 68 of Act 34 of the Arkansas Acts of 1875 [Ark. Stats. 1947, § 3-1204]. This section 68 [now, as indicated, § 3-1204 Ark. Stats. 1947] provides: "All actions or proceedings for contests as herein mentioned shall be by complaint filed in the circuit court as other actions at law, in which the contestant shall plainly and fully set forth the grounds upon which the contest is found, and upon the trial of the same, he shall be confined to such grounds as are therein mentioned, but may amend the same in such manner and upon such terms as do not prejudice his opponent etc." The intention of the Legislature that Section 68 [the only section of Act 34 of 1875 referred to] be the procedural guide is unmistakable. Neither Section 71 [now § 3-1205 Ark. Stats. 1947] relied on by appellee, nor any other section in Act 34 of 1875 is referred to. To make doubly sure that the Legislature's intent was that Section 68 should be followed, as to procedure, this Section 68 of Act 34 of 1875 is pointed out as now being § 3-1204, Ark. Stats. 1947, and further, all laws in conflict with the provisions of Act 366 were specifically repealed. It is clear to us that appellant has literally followed the provisions of Act 366 above, in this contest of a school director's election, and that the trial court erred in holding otherwise, accordingly, the judgment is reversed and the cause remanded.